**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CONTENTGUARD HOLDINGS, INC.<br><br>        Plaintiff<br><br>v.<br><br>ZTE CORPORATION ET AL.<br><br>        Defendants. | Case No. 1:12-cv-0206-CMH-TCB |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

**INTRODUCTION**

ContentGuard Holdings, Inc.'s ("ContentGuard") amended complaint against ZTE Corporation ("ZTE China") and ZTE (USA) Inc. ("ZTE USA") (collectively "ZTE" or "Defendants") should be dismissed. ContentGuard's amended complaint still does not satisfy the pleadings requirements set forth by the Supreme Court in *Twombly*. Conclusory patent infringement allegations such as those in ContentGuard's amended complaint do not satisfy the Supreme Court's plausibility standards for pleading. Therefore, the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with respect to Defendants.

**FACTUAL BACKGROUND**

On February 27, 2012, ContentGuard filed a complaint against ZTE, asserting infringement of six patents. Dkt. No. 1 at ¶¶ 9-14. ContentGuard's complaint includes a separate cause of action for each patent, each of which includes a paragraph with the following language or a slight variation thereof:

> Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '859 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '859 patent. Such products include certain mobile

>communication and computing devices such as cellular phones, smart phones, and tablets, including but not limited to the Sprint ZTE Optik, ZTE Warp (N860), ZTE Chorus (D930), ZTE Score (X500), ZTE Agent (E20), Cricket MSGM8 II, ZTE Essenze (C70), and ZTE C78.

Dkt. No. 1 at ¶ 19; *see also* Dkt. No. 1 at ¶¶ 23, 27, 31, 35, 39.  ContentGuard's complaint does not contain any facts identifying the means by which the accused products allegedly infringe the patents.  *Id*.

On April 16, 2012, ZTE filed a motion to dismiss ContentGuard's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 37.  On April 30, 2012, ContentGuard filed an amended complaint (Dkt. No. 44) and an opposition to ZTE's motion to dismiss (Dkt. No. 45).[1]  However, as ContentGuard admits in its filing, "the relevant paragraphs [in the complaint] pertaining to the direct infringement allegations that ZTE questions are reproduced almost verbatim . . . in ContentGuard's Amended Complaint."  Dkt. No. 37 at 5, fn 3.  Rather than curing its deficient direct infringement allegations, ContentGuard added indirect infringement claims that still fail to disclose the means by which ContentGuard alleges that ZTE's products infringe.  For example, ContentGuard's amended complaint includes paragraphs similar to the following for each of the six asserted patents:

>Defendants have induced, and continue to induce, end users of the Accused '859 Products ("'859 End Users") to directly infringe the '859 patent, in violation of 35 U.S.C. § 271(b). Upon information and belief, these '859 End Users directly infringe the '859 patent by using functionalities of the Accused '859 Products that implement DRM technology covered by one or more claims of the '859 patent. Defendants actively induce '859 End Users to directly infringe the '859 patent by, among other things, advertising and promoting on Defendants' websites functionalities of the Accused '859 Products that implement DRM technology covered by one or more claims of the '859 patent.

---

[1] Defendants' original motion to dismiss for failure to state a claim (Dkt. No. 37) is mooted by Plaintiff filing an amended complaint.  However, as is set forth in more detail herein, Plaintiff's amended complaint is just as deficient as its original complaint.

***

> Defendants have contributed, and continue to contribute, to the direct infringement of the '859 patent by '859 End Users, in violation of 35 U.S.C. § 271(c). Defendants sell and/or offer to sell within, and/or import into, this district and elsewhere in the United States, components implementing DRM technology that are a material part of apparatuses, systems, and/or methods taught by the '859 patent, knowing that those components are especially made or adapted for use in infringement of the '859 patent and are not a staple article or commodity of commerce suitable for substantial non-infringing use. Such components include, but are not limited to, the Muve Music service provided with certain Accused '859 Products (e.g., the ZTE Chorus (D930) and ZTE Score (X500)).

Amended complaint ¶¶ 21, 22. Subsequent sections of the amended complaint cite to other non-party applications, such as Muve Music, Google Books, Google Play Books, AT&T U-Verse Live TV, and "software implementing DRM technology that is preloaded onto certain Accused '884 Products." *Id*. at ¶¶ 22, 29, 36, 43, 50.

ContentGuard purports to have claim charts showing how the accused products infringe (*id.* at ¶¶ 20, 27, 34, 41, 48, 55) and various advertising and instructional documents that purportedly advertise, promote, and educate "end users" on how to use DRM technology (*id.* at ¶¶ 21, 22, 28, 29, 35, 36, 42, 43, 49, 50, 56, 57). ContentGuard, however, has failed to disclose any such documents. Rather, ContentGuard continues to hide the ball as to the means by which ZTE allegedly infringes.

## CONTENTGUARD'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### Legal Standard

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a plaintiff must present "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Adiscov, LLC v. Autonomy Corp., PLC,* 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (Smith, J.). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

3

claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (1949); *Adviscov*, 762 F. Supp. 2d at 829.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In *Adiscov*, this Court addressed the sufficiency of patent pleadings. In granting the motion to dismiss for failure to state a claim, the Court found that the facial plausibility standard was not met because there was "insufficient evidence concerning what product or service infringes [the] patent and how it does so." *Adiscov*, 762 F. Supp. 2d at 832 ("conclusory allegations in the complaint" fail to give "notice of the substance of the suit . . . [or] raise the 'right to relief above the speculative level'" (quoting *Twombly*, 550 U.S. at 555)).

Other courts have similarly held that the failure to describe what aspects of a product purport to infringe the patents is grounds for dismissal under Fed. R. Civ. P. 12(b)(6). In *Medsquire LLC v. Spring Med. Sys.*, the court dismissed plaintiff's direct infringement allegations, reasoning that the plaintiff failed to include any facts identifying what aspect of the allegedly infringing product infringes the patents. No. 11-04504, 2011 WL 4101093, at *4 (C.D. Cal. August 31, 2011). The court further held that "[m]erely naming a product and providing a conclusory statement that it infringes a patent is insufficient to meet the 'plausibility' standard set forth in *Twombly* and *Iqbal*." *Id*. at *3. Similarly, in *Elan Microelectronics Corp. v. Apple, Inc.*, the court dismissed bare infringement claims that the accused infringer "has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271, the specified patents 'through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad.'" No. 09-01531, 2009 WL 2972374, at

4

*2 (N.D. Cal. Sept. 14, 2009).  As here, the patentee in *Elan* merely identified an accused product, and that Court deemed the complaint insufficient because it failed to apply the patent claims to any aspect of the accused products.  *See id.* at *2.

### Content Guard Fails To Adequately Present Factual Allegations of Direct Infringement Sufficient To Draw An Inference That ZTE Is Liable For Patent Infringement

ContentGuard's direct infringement allegations fail to meet the plausibility standard of *Twombly* and *Iqbal*.  ContentGuard lists several patents, each of which is directed towards digital rights management.  Amended complaint at ¶¶ 9-14.  ContentGuard fails to identify any aspect of ZTE's cellular phones and tablets that purportedly form the basis for a direct infringement claim.  Reproduced below, ContentGuard's direct infringement allegations consist of listing a patent (or patents), an assertion of infringement by "certain mobile communication and computing devices," and a listing of exemplary ZTE products.

> 17.  Upon information and belief, Defendants have infringed and continue to infringe one or more claims of each of the Asserted Patents by engaging in acts that constitute infringement under 35 U.S.C. § 271, including but not necessarily limited to making, using, selling, and/or offering for sale, in this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, certain mobile communication and computing devices including cellular phones, smart phones, and tablets (collectively, the Accused Products).
>
> 19. Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '859 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '859 patent. Such products include certain mobile communication and computing devices such as cellular phones, smart phones, and tablets, including but not limited to the Sprint ZTE Optik. ZTE Warp (N860), ZTE Chorus (D930), ZTE Score (X500), ZTE Agent (E520), CricketMSGM8 II, ZTE Essenze (C70), and ZTE C78.
>
> 23. Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '736 patent by making, using,

5

selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '736 patent. Such products include certain mobile communication and computing device such as cellular phones, smart phones and tablets, including but not limited to the Sprint ZTE Optik, ZTE Warp (N860), ZTE Chorus (D930), ZTE Score (X500), ZTE Agent (E520), CricketMSGM8 II, ZTE Essenze (C70), and ZTE C78.

27. Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '160 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '160 patent. Such products include certain mobile communication and computing devices such as the Sprint ZTE Optik.

31. Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '576 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '576 patent. Such products include certain mobile communication and computing devices such as cellular phones. smart phones, and tablets, including but not limited to the AT&T Avail (ZTE Z990).

35. Defendants have infringed and continue to infringe, literally or under the doctrine of equivalents, the '884 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '884 patent. Such products include certain mobile communication and computing devices such as cellular phones, smart phones, and tablets, including but not limited to the AT&T Avail (ZTE Z990).

39. Defendants have infringed and continue to infringe literally or under the doctrine of equivalents, the '072 patent by making, using, selling, offering for sale within the United States, and/or importing into the United States, products that are covered by one or more claims of the '072 patent. Such products include certain mobile communication and computing devices such as cellular phones, smart phones, and tablets, including but not limited to the Sprint ZTE Optik and AT&T Avail (ZTE Z990).

Amended complaint at ¶¶ 19, 23, 27, 31, 35, 39.

As in *Medsquire*, nowhere does ContentGuard make any attempt to provide any allegations concerning what aspects of these products purport to directly infringe the asserted patents or relate to digital rights management. *See Medsquire*, 2011 WL 4101093 at *4. Indeed, ContentGuard fails to provide any allegations as to how "certain mobile communication and computing devices" are using digital rights management in any form, let alone in a manner that raises the right to relief above the speculative level. *See Adiscov*, 762 F. Supp. 2d at 830-832.

In the '859 and '736 patents, all of the claims address a <u>rendering system</u> or method for use in a <u>distributed system</u>. These claims are directed to a distributed system of digital rights management with components that would reach beyond elements in the accused products themselves. ContentGuard does not advance any explanation on how "certain mobile communication and computing devices" can also constitute an entire digital rights management <u>system</u>. The '160 patent is directed toward <u>creation or distribution</u> of digital works for distribution or use in a system. But no allegations are made concerning creation or distribution of digital works on an accused device. The '576 patent requires authorization of a repository. No allegations relating to this subject matter is addressed in the amended complaint. The '884 patent calls for processing rights expressions in an original format. Again, no allegations even attempt to tie the accused products to the asserted patent. Finally, in the '072 patent, the claims address retrieving, storing, or receiving a request to transfer a digital document. No allegations are related to any aspect of any digital documents on "certain mobile communication and computing devices."

ContentGuard's direct infringement allegations can be summarized as follows: (1) we own six digital right management patents; (2) you sell cellular phones and tablets, and (3) your cellular phones and tablets infringe our six patents. This alone does not rise above a speculative level, and fails the plausibility requirements. The accused products are multi-faceted devices

7

with many different functions, and according to ContentGuard, many different DRM functions. ContentGuard should not be permitted to hide the ball from ZTE about what aspect of the accused products allegedly infringe the claims. ZTE respectfully requests that the Court dismiss ContentGuard's direct infringement allegations pursuant to Fed. R. Civ. P. 12(b)(6).

### Content Guard Fails To Adequately Present Factual Allegations of Indirect Infringement Sufficient To Draw An Inference That ZTE Is Liable For Patent Infringement

ContentGuard's indirect infringement allegations also fail to meet the plausibility standard of *Twombly* and *Iqbal*. To prevail on a claim of either contributory infringement or inducement, the plaintiff must prove that direct infringement of the patent has occurred. *See*, *e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). ContentGuard's indirect infringement allegations refer to "end users" and list several applications developed and supplied by non-parties and refer to several unnamed applications purportedly used by end users through the accused devices. Amended complaint at ¶¶ 21, 22, 28, 29, 35, 36, 42, 43, 49, 50, 56, 57. However, as with its direct infringement claims, ContentGuard fails to allege the means by which the accused devices directly infringe. The indirect infringement claims lack any discussion of a rendering system or method for use in a distributed system, as in the '859 and '736 patents; creation or distribution of digital works for distribution or use in a system, as in the '160 patent; authorization of a repository, as in the '576 patent; processing rights expressions in an original format, as in the '884 patent; or retrieving, storing, or receiving a request to transfer a digital document, as in the '072 patent. ContentGuard fails to allege how any aspect of the accused products fall within the asserted claims, and therefore fails to sufficiently plead the direct infringement necessary to support indirect infringement. ZTE respectfully requests that the Court also dismiss ContentGuard's indirect infringement allegations pursuant to Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

For the foregoing reasons, Defendants ZTE China and ZTE USA respectfully request that the Court dismiss ContentGuard's suit against both Defendants for failure to state a claim for which relief can be granted.

Dated:  May 17, 2012                                             Respectfully submitted,


                                                                                      /s/
                                                                    Bernard J. DiMuro, Esquire
                                                                    Virginia State Bar No. 18784
                                                                    *Co-Counsel for Defendants*
                                                                    DiMuro Ginsberg, P.C.
                                                                    1101 King Street, Suite 610
                                                                    Alexandria, VA 22314
                                                                    Phone: 703-684-4333
                                                                    Fax: 703-548-3181
                                                                    Email: bdimuro@dimuro.com

                                                                    Jay H. Reiziss (admitted *pro hac vice*)
                                                                    *Co-Counsel for Defendants*
                                                                    BRINKS HOFER GILSON & LIONE
                                                                    1850 K Street N.W.
                                                                    Washington, D.C. 20006
                                                                    Phone: (202) 296-6941
                                                                    Fax: (202) 296-8701
                                                                    Email: jreiziss@brinkshofer.com

                                                                    David H. Bluestone (admitted *pro hac vice*)
                                                                    Jon H. Beaupré (admitted *pro hac vice*)
                                                                    Jeremy S. Snodgrass (admitted *pro hac vice*)
                                                                    *Co-Counsel for Defendants*
                                                                    BRINKS HOFER GILSON & LIONE
                                                                    NBC Tower, Suite 3600
                                                                    455 North Cityfront Plaza Drive
                                                                    Chicago, IL 60611-5599
                                                                    Phone: (312) 321-4200
                                                                    Fax: (312) 321-4299
                                                                    Emails: dbluestone@brinkshofer.com;
                                                                    jbeaupre@brinkshofer.com;
                                                                    jsnodgrass@brinkshofer.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of May, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

      */s/*
Bernard J. DiMuro, Esquire
Virginia State Bar No. 18784
*Co-Counsel for Defendants*
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Phone: 703-684-4333
Fax: 703-548-3181
Email: bdimuro@dimuro.com

Jay H. Reiziss (admitted *pro hac vice*)
*Co-Counsel for Defendants*
BRINKS HOFER GILSON & LIONE
1850 K Street N.W.
Washington, D.C. 20006
Phone: (202) 296-6941
Fax: (202) 296-8701
Email: jreiziss@brinkshofer.com

David H. Bluestone (admitted *pro hac vice*)
Jon H. Beaupré (admitted *pro hac vice*)
Jeremy S. Snodgrass (admitted *pro hac vice*)
*Co-Counsel for Defendants*
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Phone: (312) 321-4200
Fax: (312) 321-4299
Emails: dbluestone@brinkshofer.com;
jbeaupre@brinkshofer.com;
jsnodgrass@brinkshofer.com