1    Michael I. Neil (SBN 40057)
   Hugh A. McCabe (SBN 131828)
2    NEIL, DYMOTT, FRANK, MCFALL
   & TREXLER APLC
3    1010 Second Avenue, Suite 2500
   San Diego, California 92101
4    Telephone:  (619) 238-2240
   Facsimile:  (619) 238-1562

5

6    Gregory S. Arovas (*pro hac vice*)
   Todd M. Friedman (*pro hac vice*)
   KIRKLAND & ELLIS LLP
7    601 Lexington Avenue
   New York, NY 10022-4675
8    Telephone:  (212) 446-4800
   Facsimile:  (212) 446-6460

9

10    Attorneys for Plaintiff
   *ContentGuard Holdings, Inc.*

N. Thane Bauz, Esq.
PERKINS COIE
11988 El Camino Real, Suite 200
San Diego, CA 92130-3579
Telephone:  (858) 720-5706
Facsimile:  (858)720-5799

Jay H. Reiziss (*pro hac vice*)
Jon H. Beaupré (*pro hac vice*)
Jeremy S. Snodgrass (*pro hac vice*)
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Phone:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants
*ZTE Corporation and ZTE (USA) Inc.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br>       *Plaintiff,* <br> v. <br><br> ZTE Corporation and ZTE (USA) Inc., <br><br>       *Defendants.* | Case No. 3:12-cv-01226-CAB-MDD <br><br> DEMAND FOR JURY TRIAL <br><br> **JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** <br><br> Hon. Mitchell D. Dembin <br> Suite 1180, 11ᵗʰ Floor Annex |

1    Plaintiff ContentGuard Holdings, Inc. and defendants ZTE Corporation and ZTE (USA) Inc.

2    (collectively "ZTE") respectfully submit this Joint Motion for Determination of Discovery Dispute.[1]

3    ContentGuard and ZTE dispute whether they are yet required to hold the discovery planning

4    conference set forth in Federal Rule of Civil Procedure 26(f) at this time.  The parties respectfully

5    request that the Court resolve their dispute.

6    In accordance with the Court's Civil Pretrial Procedure V.C, the parties state the following:

7    1.  On December 13, 2012, ContentGuard wrote to ZTE and requested that the parties hold a

8    Rule 26(f) conference as soon as possible. In support, ContentGuard explained that Rule 26(f)

9    requires the parties to confer "as soon as practicable," and that a prompt conference was appropriate

10   under both the Civil and Patent Local Rules. ContentGuard also explained its belief that the parties

11   could hold a meaningful and productive Rule 26(f) conference now, despite ZTE's pending motion

12   to dismiss ContentGuard's claims for indirect patent infringement, because ZTE's motion neither

13   addresses ContentGuard's claims for direct patent infringement nor affects which parties are in this

14   case, which patents are in suit, or which products are accused of infringement. ContentGuard

15   repeated its request on December 18.

16   2.  ZTE responded to ContentGuard's requests on December 18, and stated that a Rule 26(f)

17   conference would be premature at this time. ZTE explained its view that, because its pending motion

18   could impact the scope of discovery, no efficiency would be gained by holding a Rule 26(f)

19   conference while the motion remained pending. ZTE also stated that a Rule 26(f) conference would

20   be premature because the Court has not yet scheduled an ENE, and Patent Local Rule 2.1(a) states

21   that "[n]o later than twenty-one (21) days before the ENE, the parties will meet and confer pursuant

22   to Fed. R. Civ. P. 26(f)."

23   3.  ContentGuard continues to believe that ZTE is required to participate in a Rule 26(f)

24   conference at this time. Rule 26(f) explicitly requires the parties to confer "as soon as practicable,"

25   and the Advisory Committee Notes explain that ZTE's pending motion does not suspend that

26

---

[1]  ZTE participates in the present joint motion in lieu of an *ex parte* brief by ContentGuard on the
27      issue, but it is ZTE's position that the present motion is unnecessary and improper, as is set forth
        in more detail in the accompanying memorandum.

28

obligation. In this case—which has been pending for ten-and-a-half months—it has long been practicable for the parties to confer. Although ZTE's motion to dismiss remains pending, that motion is limited to ContentGuard's claims for indirect infringement. Accordingly, discovery will necessarily proceed with respect to ContentGuard's claims for direct infringement, all six patents-in-suit, and all of the products accused of infringing them, regardless of the outcome of ZTE's motion. The parties can therefore meaningfully discuss how to proceed with discovery of all of those topics now, with no risk that a ruling on ZTE's motion will render their efforts wasteful. And although Patent Local Rule 2.1(a) ties the last date on which the parties may hold a timely Rule 26(f) conference to the ENE, it does not alter Rule 26(f)'s requirement that "the parties must confer" earlier if it is "practicable" to do so. Finally, because ZTE's motion is limited to indirect infringement, there is no good cause to stay ContentGuard's claims for direct infringement—the inefficient result of ZTE's refusal to confer.

4. ZTE maintains its position that a Rule 26(f) conference is premature at this time because the parties do not yet know what claims are pending in the case. It is impracticable to proceed with discovery on direct infringement while waiting for discovery on indirect infringement, as ContentGuard suggests the parties should do. Direct infringement and indirect infringement include interwoven factual issues that cannot be easily bifurcated. Additionally, the local rules, federal rules, and applicable case law from this Court and other courts all support ZTE's position. ZTE is willing to participate in a Rule 26(f) conference at a time that is practicable and efficient for the parties and the Court, namely, after ZTE files its Answer and the Court schedules an ENE.

| Dated: January 14, 2013 | Respectfully submitted,<br><br>By: */s/ Hugh A. McCabe*<br>Hugh A. McCabe (SBN 131828)<br>NEIL, DYMOTT, FRANK, MCFALL &<br>TREXLER APLC<br>1010 Second Avenue, Suite 2500<br>San Diego, California 92101<br>Telephone:  (619) 238-2240<br>Facsimile:  (619) 238-1562<br><br>Gregory S. Arovas (*pro hac vice*)<br>greg.arovas@kirkland.com<br>Todd M. Friedman (*pro hac vice*)<br>todd.friedman@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4675<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-6460<br><br>**ATTORNEYS FOR PLAINTIFF<br>CONTENTGUARD HOLDINGS, INC.** |
| --- | --- |
| Dated: January 14, 2013 | Respectfully submitted,<br><br>By: */s/ N. Thane Bauz*<br>N. Thane Bauz<br>TBauz@perkinscoie.com<br>PERKINS COIE<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130-3579<br>Telephone:  (858) 720-5706<br>Facsimile:  (858)720-5799<br><br>Jay H. Reiziss<br>jreiziss@brinkshofer.com<br>Jon H. Beaupré<br>jbeaupre@brinkshofer.com<br>Jeremy S. Snodgrass<br>jsnodgrass@brinkshofer.com<br>Brinks Hofer Gilson & Lione<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Phone:  312-321-4200<br>Fax:  312-321-4299<br><br>**ATTORNEYS FOR DEFENDANTS<br>ZTE CORPORATION AND ZTE (USA)<br>INC.** |