1  Michael I. Neil (SBN 40057)
2  Hugh A. McCabe (SBN 131828)
   NEIL, DYMOTT, FRANK, MCFALL
3  & TREXLER APLC
   1010 Second Avenue, Suite 2500
4  San Diego, California 92101
5  Telephone:  (619) 238-2240
6  Facsimile:  (619) 238-1562

7  Gregory S. Arovas (*pro hac vice*)
8  Todd M. Friedman (*pro hac vice*)
   KIRKLAND & ELLIS LLP
9  601 Lexington Avenue
10 New York, NY 10022-4675
   Telephone:  (212) 446-4800
11 Facsimile:  (212) 446-6460

12
13 Attorneys for Plaintiff
   *ContentGuard Holdings, Inc.*

N. Thane Bauz
PERKINS COIE
11988 El Camino Real, Suite 200
San Diego, CA 92130-3579
Telephone:  (858) 720-5706
Facsimile:  (858)720-5799

Jay H. Reiziss (*pro hac vice*)
Jon H. Beaupré (*pro hac vice*)
Brinks Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Phone:  312-321-4200
Fax:  312-321-4299

Attorneys for Defendants
ZTE Corporation and ZTE (USA) Inc.

14
15
16
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
17

18 ContentGuard Holdings, Inc.,

19                    *Plaintiff,*
                v.
20
   ZTE Corporation and ZTE (USA) Inc.,
21
                    *Defendants.*
22

Case No. 3:12-cv-01226-CAB-MDD

**JOINT STATUS REPORT/
REQUEST FOR
CONTINUANCE**

Date:  November 14, 2013
Time:  2:00 p.m.
Courtroom:  4C
Judge:  Hon. Cathy Ann Bencivengo

23
24
25
26
27
28

In response to the Court's October 31, 2013 Order (D.I. 103), plaintiff ContentGuard Holdings, Inc. and defendants ZTE Corporation and ZTE (USA) Inc. (collectively "ZTE") submit this Joint Status Report addressing the status of the *inter partes* reviews of the patents-in-suit.   Additionally, the parties anticipate having settlement discussions in the immediate future and therefore respectfully request a 45-day continuance of the telephonic status conference scheduled for November 14, 2013 to accommodate such discussions. No scheduling order has been issued in this matter and accordingly there are no pending deadlines that would be affected by the requested continuance.

## I.      Status of the *Inter Partes* Reviews of the Patents-In-Suit

On February 12, 2013, ZTE filed petitions for *inter partes* review of the six patents-in-suit: United States Patent Nos. 6,963,859 ("'859 patent"), 7,139,736 ("'736 patent"), 7,225,160 ("'160 patent"), 7,269,576 ("'576 patent"), 7,359,884 ("'884 patent"), 7,523,072 ("'072 patent").  As explained below, the *inter partes* review of the '160 patent has concluded with certain claims intact and others cancelled at ContentGuard's request, and the reviews of the other patents are ongoing with oral arguments scheduled for February and March 2014, and final written decisions from the Board due in July 2014.

### A.      '859 Patent

ZTE petitioned for *inter partes* review of all claims (1-84) of the '859 patent. ZTE's petition asserted six grounds of unpatentability of the '859 claims, based on seven prior art references.   ContentGuard filed a preliminary response to ZTE's petition on May 10, 2013, contesting each of ZTE's asserted grounds. On July 1, 2013 the Patent Trial and Appeal Board ("Board") instituted *inter partes* review to determine whether U.S. Patent No. 5,588,146 ("Leroux") anticipates claims 1-5, 9-11, 15-17, 19, 21-33, 37, 38, 42-44, 46, 48-62, 66, 67, 71-73, 75, and 77-84[1] of the '859

---

[1]   These claims include the '859 patent's three independent claims:  1, 29, and 58.

patent.  The Board did not institute *inter partes* review with respect to any other asserted ground or prior art reference.  Accordingly, the remaining claims[2] of the '859 patent are not subject to *inter partes* review.

ContentGuard filed its full response to ZTE's petition on October 23, 2013.  ZTE's reply is due January 8, 2014.  Oral argument is scheduled for February 27, 2014, and the Board's final written decision is due on July 1, 2014.

**B.    '736 Patent**

ZTE petitioned for *inter partes* review of all claims (1-57) of the '736 patent.  ZTE's petition asserted six grounds of unpatentability of the '736 claims, based on seven prior art references.  ContentGuard filed a preliminary response to ZTE's petition on May 14, 2013, contesting each of ZTE's asserted grounds.  On July 1, 2013, the Board instituted *inter partes* review to determine whether Leroux or EP 0 268 139 ("EP 139") anticipates claims 1-18, 20-38, and 40-56[3] of the '736 patent.  The Board did not institute *inter partes* review with respect to any other ground or prior art reference.  Accordingly, the remaining claims (19, 39, and 57) of the '736 patent are not subject to *inter partes* review.

ContentGuard filed its full response to ZTE's petition on October 23, 2013.  ZTE's reply is due January 8, 2014.  Oral argument is scheduled for February 27, 2014, and the Board's final written decision is due on July 1, 2014.

**C.    '160 Patent**

ZTE petitioned for *inter partes* review of all claims (1-38) of the '160 patent.  ZTE's petition asserted ten grounds of unpatentability of the '160 claims, based on five prior art references.  ContentGuard filed a preliminary response to ZTE's petition on May 13, 2013, contesting each of ZTE's asserted grounds.  On June 19, 2013, the

---

[2]   Claims 6-8, 12-14, 18, 20, 34-36, 39-41, 45, 47, 63-65, 68-70, 74, and 76.

[3]   These claims include the '736 patent's three independent claims: 1, 20, and 40.

1  Board instituted *inter partes* review of independent claims 12 and 30, and dependent
2  claims 13-22 and 31-38. The Board declined to institute review of independent claims
3  1 and 23 or their corresponding dependent claims (2-11 and 24-29).

4       On July 19, ZTE filed a second petition for *inter partes* review of claims 1-11
5  and 23-29 (the claims on which the Board did not institute review), and a motion to
6  join its second petition with the instituted review of claims 12-22 and 30-38. On July
7  24, ContentGuard requested that the Board cancel claims 12-22 and 30-38. The Board
8  granted ContentGuard's request on August 6 and entered judgment against
9  ContentGuard with respect to those claims. On September 25, the Board denied
10  ZTE's joinder motion and second petition. Accordingly, the '160 patent is no longer
11  subject to *inter partes* review, and claims 1-11 and 23-29 remain intact.

12       **D.   '576 Patent**
13       ZTE petitioned for *inter partes* review of all claims (1-36) of the '576 patent.
14  ZTE's petition asserted five grounds of unpatentability of the '576 claims, based on
15  five prior art references. ContentGuard filed a preliminary response to ZTE's petition
16  on May 14, 2013, contesting each of ZTE's asserted grounds. On July 9, the Board
17  instituted *inter partes* review to determine whether EP 139 anticipates independent
18  claim 18 and dependent claims 19-21, 25-28, and 31-36 of the '576 patent. The Board
19  did not institute *inter partes* review with respect to any other ground or prior art
20  reference. Accordingly, the remaining claims (including independent claim 1) of the
21  '576 patent are not subject to *inter partes* review.

22       ContentGuard filed its full response to ZTE's petition on October 23, 2013.
23  ZTE's reply is due January 8, 2014. Oral argument is scheduled for February 26,
24  2014, and the Board's final written decision is due on July 9, 2014.

25       **E.   '884 Patent**
26       ZTE petitioned for *inter partes* review of claims 1-11, 13-22, 27-37, 39-48, and
27  53-70 of the '884 patent. ZTE's petition asserted ten grounds of unpatentability of the

28

1 '884 claims, based on six prior art references. ContentGuard filed a preliminary
2 response to ZTE's petition on May 15, 2013, contesting each of ZTE's asserted
3 grounds. On July 16, the Board instituted *inter partes* review of claims 1-8, 14-22,
4 and 55-62 on four grounds, which cover a total of four prior art references. The
5 remaining claims of the '884 patent (including independent claim 27) are not subject
6 to *inter partes* review.

7 ContentGuard filed a motion to amend the claims in review (except for one
8 dependent claim) on October 23, 2013. On November 5, 2013, the Board, without
9 addressing the patentability of any claim, identified certain deficiencies in the contents
10 of ContentGuard's motion. On November 7, the Board granted ContentGuard
11 permission to file a substitute motion to amend by November 15 that seeks to amend
12 one of the instituted claims and cancel the remaining instituted claims. Oral argument
13 is scheduled for March 13, 2014, and the Board's final written decision is due on July
14 16, 2014.

15 **F.  '072 Patent**

16 ZTE petitioned for *inter partes* review of all claims (1-25) of the '072 patent.
17 ZTE's petition asserted four grounds of unpatentability of the '072 claims, based on
18 five prior art references. ContentGuard filed a preliminary response to ZTE's petition
19 on May 13, 2013, contesting each of ZTE's asserted grounds. On July 1, 2013, the
20 Board instituted *inter partes* review to determine whether EP 139 anticipates all
21 claims of the '072 patent. The Board did not institute *inter partes* review with respect
22 to any other ground or prior art reference.

23 ContentGuard filed its full response to ZTE's petition on October 23, 2013.
24 ZTE's reply is due January 8, 2014. Oral argument is scheduled for February 26,
25 2014, and the Board's final written decision is due on July 1, 2014.

26
27
28

JOINT STATUS REPORT/REQUEST FOR CONTINUANCE           4           Case No. 3:12-cv-01226-CAB-MDD

## II.     Request to Continue the Status Conference

The Court has scheduled a telephonic status conference for November 14, 2013. ContentGuard and ZTE respectfully request a 45-day continuance of the status conference.

The parties have engaged in settlement discussions both before and during the pendency of the *inter partes* reviews. The parties respectfully request the opportunity to continue their discussions, and believe that a 45-day continuance of the status conference would allow the parties to do so meaningfully while conserving judicial resources. No scheduling order has been entered in this action, and there are no pending deadlines that the requested continuance would affect. However, both parties are of course available on November 14 should the Court wish to proceed with the currently scheduled conference.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

| | |
|---|---|
| Dated: November 8, 2013 | Respectfully submitted,<br>By:   /s/ Hugh A. McCabe<br>Michael I. Neil (SBN 40057)<br>Hugh A. McCabe (SBN 131828)<br>hmccabe@neildymott.com<br>NEIL, DYMOTT, FRANK, MCFALL<br>& TREXLER APLC<br>1010 Second Avenue, Suite 2500<br>San Diego, California 92101<br>Telephone:  (619) 238-2240<br>Facsimile:  (619) 238-1562<br><br>Gregory S. Arovas (*pro hac vice*)<br>greg.arovas@kirkland.com<br>Todd M. Friedman (*pro hac vice*)<br>todd.friedman@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4675<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-6460<br><br>**ATTORNEYS FOR PLAINTIFF<br>CONTENTGUARD HOLDINGS,<br>INC.** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| Dated: November 8, 2013 | Respectfully submitted,<br>By:   /s/ Jon H. Beaupré<br>N. Thane Bauz<br>TBauz@perkinscoie.com<br>PERKINS COIE<br>11988 El Camino Real, Suite 200<br>San Diego, CA 92130-3579<br>Telephone:  (858) 720-5706<br>Facsimile:  (858)720-5799<br><br>Jay H. Reiziss<br>jreiziss@brinkshofer.com<br>Jon H. Beaupré<br>jbeaupre@brinkshofer.com<br>Brinks Gilson & Lione<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Phone:  312-321-4200<br>Fax:  312-321-4299<br><br>**ATTORNEYS FOR DEFENDANTS ZTE CORPORATION AND ZTE (USA) INC.** |